**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4933**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANGELO SHERMAN, a/k/a Zeak,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (CR-04-303; CR-97-274)

———————

Submitted:  January 27, 2006           Decided:  March 1, 2006

———————

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

David B. Betts, LAW OFFICES OF DAVID B. BETTS, Columbia, South Carolina, for Appellant.  Jonathan Scott Gasser, Acting United States Attorney, Columbia, South Carolina; Brent Alan Gray, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Angelo Carnell Sherman was convicted by a jury of unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000) (Count One), and possession of cocaine, 21 U.S.C. § 844(a) (2000) (Count Two), and was sentenced to a term of 140 months imprisonment. Sherman appeals his conviction and sentence. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but asserting that, in his view, there are no meritorious issues for appeal. Sherman has been notified of his right to file a pro se supplemental brief, but has not filed a brief. We affirm the convictions and sentence.

Sherman first contends that the district court erred in denying his motion for a judgment of acquittal on each of the charges. This court reviews this decision de novo, viewing all evidence and all reasonable inferences in favor of the government. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Higgs, 353 F.3d 281, 313 (4th Cir. 2003), cert. denied, 543 U.S. 999 (2004). Numerous witnesses for the government testified that Sherman was in a bar in North Charleston on November 13, 2003, where he got into an altercation, knocked down another customer, and produced a gun when an employee of the bar approached him. Sherman was subdued and disarmed by several employees and a customer. While he was being held on the floor,

- 2 -

Sherman stated that he had a heart condition and needed his medication. Two staff members checked Sherman's pockets for medication, and found small plastic baggies in his back pockets. When a police officer arrived and took custody of Sherman, he saw several small plastic bags on the floor where Sherman had been lying and another protruding from his front pocket. The plastic bags contained cocaine. After the officer took him into custody, Sherman complained that the officer had put drugs in his pocket. No identifiable fingerprints were found on the gun. The government presented testimony that the firearm had been manufactured in Austria and had traveled in interstate commerce. Sherman also testified. He denied possessing either a firearm or cocaine and insisted that someone must have planted the cocaine on him, possibly the arresting officer. We conclude that the government's evidence amply supports Sherman's conviction.

Sherman also contends for the first time on appeal that the district court erred under United States v. Booker, 543 U.S. 220 (2005), in applying the sentencing guidelines as mandatory. While the court erred in applying the guidelines as mandatory, the court also imposed an identical alternative sentence. Sherman thus cannot show error under the test set out in United States v. White, 405 F.3d 208, 223 (4th Cir.) (defendant who fails to object to mandatory application of sentencing guidelines must show actual prejudice, i.e., a nonspeculative basis for concluding that the

district court would have imposed a lower sentence under advisory guidelines), <u>cert. denied</u>, 126 S. Ct. 668 (2005).

Pursuant to the requirements of <u>Anders</u>, we have reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>